

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2017 MAY 1 PM 4 12

FILED

BY _____ Lop (51)
DEPUTY

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

PETER BYORTH and ANNA McKEAN, on behalf of themselves and all those similarly situated,

                    Plaintiff,

vs.

USAA CASUALTY INSURANCE COMPANY,

                    Defendant.

Case No.: DV-15-0511

Judge Gregory R. Todd

**ORDER**

## INTRODUCTION

On March 11, 2017, the Court directed Defendant USAA Casualty Insurance Company ("USAA") to provide the Court with documents for in camera review. USAA delivered the requested documents for the Court's review on April 5, 2017. Having reviewed the document this Court deems this matter submitted.

## STATEMENT OF RELEVANT FACTS

The Plaintiffs in this matter were both injured in motor vehicle accidents. Byorth and McKean were both covered under USAA's med-pay policies. In both cases, USAA

delayed or denied coverage and declared that several portions of the medical costs were not medically necessary after a review by USAA's affiliate Auto Injury Solutions (AIS). In the Complaint filed on April 25, 2015, Byorth and McKean alleged that USAA breached its fiduciary duty and contractual obligation to the Plaintiffs. Additionally, Byorth and McKean alleged that USAA had violated Montana Unfair Trade Practices Act (UTPA) and sought to certify a class of persons similarly situated pursuant to Rule 23 of the Montana Rules of Civil Procedure. This Court certified the class pursuant to Rule 23(a) on December 29, 2015.

USAA filed a notice of appeal on January 7, 2016, objecting to the class certification. The Montana Supreme Court reversed the class certification and remanded for further proceedings consistent with the Supreme Court's opinion on December 12, 2016.

## LEGAL STANDARD

In Montana, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. The information sought need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Mont. R. Civ. P. 26(b)(1). Furthermore, "[t]he purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith. Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation." *Richardson v. State*, 2006 MT 43, ¶ 22, 331 Mont. 231, 130 P.3d 634 (citing *Massaro v. Dunham* (1979), 184 Mont. 400, 405, 603 P.2d 249, 252).

# DISCUSSION

**I. USAA must provide an updated copy of the MSA with several unredacted portions because they are relevant to Plaintiff's claim.**

In Montana, the "rules of civil procedure are premised upon a policy of liberal and broad discovery." *Patterson v. State*, 2002 MT 97, ¶ 15, 309 Mont. 381, 46 P.3d 642. USAA produced the contract between AIS and USAA, known as the Master Services Agreement (MSA), significant portions of it are redacted. USAA claims that none of that information is relevant to Plaintiffs claim. After in-camera review, the Court concludes, that several pages of the redacted version of the MSA document includes relevant information to Plaintiffs claims.


# ORDER

For the reasons stated above,

**IT IS HEREBY ORDERED** that the following pages numbered by the Bate stamp shall be unredacted.

Pages 2385-2390, 2443-2444, 2449, 2453-2454 and 2464 through 2465 including but not further than section 3.3 on page 2465.


**DATED AND ORDERED** this 27th day of April, 2017.

HON. GREGORY R. TODD, District Court Judge
DV-15-0511

cc.   John Heenan and Colette Davies, Attorneys for Plaintiff
      Jessica G. Scott and Ian McKintosh, Attorneys for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was caused to be served upon the parties or their attorneys of record at their last-known address this ⅞th day of April, 2017.

By _____

Samir Aarab
Law Clerk to HON. GREGORY R. TODD