IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| PETER BYORTH and ANN McKEAN, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY and JOHN DOES I-X,<br><br>Defendants. | CV 17-153-BLG-TJC<br><br>**ORDER** |

Plaintiffs move for the admission of David Breskin and Brendan Donckers to practice before this Court in this case with J. Devlan Geddes, Trent Gardner, Jeffrey Tierney, and John Heenan to act as local counsel. Defendants oppose the motion as to David Breskin. Mr. Donckers' application appears to be in order and is unopposed.

Defendants argue Mr. Breskin's application omitted two incidents where he was sanctioned. L.R. 83.1(d)(3)(G) requires a pro hac vice applicant to state, under penalty of perjury, whether the applicant has ever been held in contempt, otherwise disciplined by any court for disobedience to its rules or orders, or sanctioned under Fed. R. Civ. P. 11 or 37(b), (c), (d) or (f) or their state equivalent.

It appears Mr. Breskin was sanctioned in 2001 and 2007 by the United States District Court, Western District of Washington.

In 2000, he was sanctioned under the inherent power of the court based on conduct during settlement conferences and subsequent proceedings before the court. *See Ebeling v. United Airlines*, Order, May 2, 2000, No. C97-347C. The sanctions imposed in 2000, however, were vacated upon Mr. Breskin's motion in 2001. *Ebeling*, Order, Nov. 27, 2001, No. C97-347C.

Mr. Breskin was also sanctioned by the court in 2007 for violating Fed. R. Civ. P. 30(d)(1) by instructing a witness not to answer a question during a deposition. *Reinsche v. Cingular Wireless, et al*, Minute Order, Dec. 5, 2007, No. C06-1325Z. In the minute order imposing sanctions, the court cited Fed. R. Civ. P. 37(a)(4)(A) (now Fed. R. Civ. P. 37(a)(5)), which provides for sanctions in connection with a motion to compel discovery.

Mr. Breskin maintains that he was not required to disclose these previous sanctions under L.R. 83.1(d)(3)(G). He points out that the sanctions imposed in 2000 were vacated, and the sanctions in 2007 were not imposed under any of the sections listed in the rule – Fed. R. Civ. P. 11, 37(b), (c), (d), or (f).

Mr. Breskin's interpretation of the rule is not unreasonable. The Ninth Circuit has held that to vacate means to nullify or cancel. *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004.) *See also Massachi v. Astrue*, 486 F.3d 1149,

1154 (9th Cir. 2007) (finding a vacated decision means it no longer exists). Here, the sanctions imposed on Mr. Breskin in 2000 were subsequently vacated by the court. In addition, the sanctions imposed in 2007 were imposed pursuant to Fed. R. Civ. P. 30(d) and 37(a), not the sections specifically listed in the rule.

While it may have been prudent to err on the side of over-disclosing any past sanctioned conduct, the Court cannot find that Mr. Bleskin violated the strict requirements of the rule. In addition, the conduct was remote, and apparently not sufficiently serious to generate any additional disciplinary action. Mr. Breskin's application otherwise appears to be in order.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to admit David Breskin and Brendan Donckers pro hac vice (doc. 53) is GRANTED on the condition that they shall do their own work. This means that they must do their own writing, sign their own pleadings, motions, and briefs, and appear and participate personally. Counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office.

IT IS FURTHER ORDERED that this Order is subject to withdrawal unless Mr. Breskin and Mr. Donckers, within fifteen (15) days of the date of this Order,

/ / /

/ / /

file a pleading acknowledging their admission under the terms set forth above.

DATED this 2nd day of January, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge